UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EDWARD P. MAY,

        Defendant.

                                     /

Criminal Case No. 09-20482

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

**ORDER DENYING:**
(1) MOTION FOR LEAVE TO FILE DELAYED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255 [104]
(2) MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [105]
(3) EMERGENCY RELIEF MOTIONS [109],[118], [126]
(4) MOTIONS FOR BOND AND JUDGMENT ON BOND [107], [133], [134], [144]
(5) MOTIONS FOR EVIDENTIARY HEARING [118], [144]
(6) SUMMARY JUDGMENT MOTION [131]
(7) REQUEST FOR APPOINTMENT OF COUNSEL [144]

**ORDER GRANTING:**
MOTIONS FOR LEAVE TO FILE ADDENDUM [116], [119], [120], [135], [137]

On October 4, 2011, the Court sentenced Movant to 192 months of concurrent imprisonment on each count of mail fraud. On October 15, 2013, Movant filed a Motion for leave to file a delayed motion to Vacate, Set Aside, or

1

Correct Sentence [104] pursuant to 28 U.S.C. § 2255.  On November 4, 2013, Movant filed a motion to Vacate, Sentence under 28 U.S.C. § 2255 [105]. There was no government response filed.  For the reasons stated below, Movant's Motion to for leave to filed a delayed motion to Vacate, Set Aside or Correct Sentence [104] and the motion to Vacate, Set Aside, or Correct Sentence [105] are **DENIED**.

On November 4, 2013 [107], November 26, 2014 [137] and April 24, 2015 [144] Movant filed motions requesting release on bond pending appeal. On September 26, 2014 [133] and September 29, 2014 [134], movant filed a motion for judgment requesting release on bond pending appeal. For the reasons stated below, Movant's motions regarding release on bond pending appeal are **DENIED.**

On November 18, 2013 [109], February 19, 2014 [118] and June 2, 2014 [126] Movant filed motions for emergency relief. For the reasons stated below, Movant's emergency relief motions are **DENIED.**

On February 19, 2014 [118] and April 24, 2015 [144] Movant filed a motion for an evidentiary hearing. For the reasons stated below, Movant's motions for an evidentiary hearing are **DENIED AS MOOT.**

On August 15, 2014, Movant filed for summary judgment and disposition of existing motions [131]. For the reasons stated below, this motion for summary judgment is **DENIED.**

On April 24, 2015 [144] Movant filed a request for appointment of counsel. For the reasons stated below, this motion is **DENIED AS MOOT**.

On January 27, 2014 [116], March 5, 2014 [119], March 5, 2014 [120] October 14, 2014 [135], and November 26, 2014 [137], Movant filed motions for leave to file addendums. These motions are **GRANTED.**

## FACTUAL BACKGROUND

On October 2, 2009, the Government charged Movant on fifty-nine counts of mail fraud. Movant pleaded guilty to all fifty-nine counts on April 29, 2011, without a Rule 11 plea agreement. On October 18, 2011, the Court sentenced Movant to a total term of 192 months concurrent on each count of mail fraud. On October 23, 2011, Movant filed an appeal of his judgment to the 6th Circuit Court of Appeals. The Movant filed a motion to dismiss his appeal before the 6th Circuit voluntarily pursuant to FRAP 42(b) which was granted on September 26, 2012. On October 15, 2013, Movant began filing motions before this Court, beginning with a motion for leave to file delayed motion to vacate, set aside or correct sentence [104]. A motion to vacate sentence under 28 U.S.C. §

2255 was filed by Movant on November 4, 2013 [105]. There was no government response to any of the pending motions. Movant continued to file several motions up until the last motion recorded on April 24, 2015, a motion for bond [144].

## Analysis

1. **Motion for leave to file delayed motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 [104]**

A motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 has a strict one-year period of limitation set by "the date on which the judgment of conviction becomes final." 28 U.S.C.A. § 2255(f)(1). If a notice of appeal is filed but the appellant voluntarily dismisses the appeal, the Sixth Circuit has held that further direct review is not possible. *United States v. Goward*, 719 F. Supp. 2d 792, 794 (E.D. Mich. 2010). While the Sixth Circuit has not addressed how a voluntary dismissal of appeal affects the statute of limitations for a 28 U.S.C. § 2255 motion, the Eastern District in *United States v. Goward* followed the Third Circuit's ruling that a defendant's conviction becomes final and the limitations period begin to run when the appeal is voluntarily dismissed because after the appeal is dismissed there is no longer a "legal basis to seek certiorari from an appeal that was withdrawn voluntarily." *Id*, citing *United States v. Sylvester*, 258 Fed.Appx. 411, 412 (3d Cir.2007).

Given this ruling, the statute of limitations on May's ability to file a § 2255 motion began to run from the day that he voluntarily dismissed his appeal, which occurred on September 26, 2012 and thus would have expired on September 26, 2013. [87]. Therefore, since Movant's motion to file a delayed § 2255 motion was filed on October 15, 2013, for the motion to be granted, it would have to successfully meet the standards for equitable tolling since it was filed after the statute of limitations had expired. The Sixth Circuit, since the Supreme Court case *Holland v. Florida,* has included a two-part extraordinary circumstances test that requires *both* reasonable diligence and an extraordinary circumstance to qualify for equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011). It is important to note that this is a difficult standard to meet and that courts grant equitable tolling "sparingly." *Id*, citing *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir.2010).

Firstly, to constitute reasonable diligence, a Movant must show that they were "reasonably diligent" in pursuing their claim to vacate their sentence under § 2255. *Matthews v. Woods*, No. 09-10214, 2012 WL 4811293, at *3 (E.D. Mich. Oct. 10, 2012), aff'd (May 15, 2013), citing *Holland*, 130 S. Ct. at 2562. To show reasonable diligence, a petitioner needs to show concrete evidence that they tried to reach their attorney via letters or emails, that they were seeking information or

5

providing direction. *Id*, citing *Holland*, 130 S. Ct. at 2562. There is no concrete evidence pointing to the fact that Movant contacted his court appointed attorney for a period of "several months" without response as alleged in his motion for leave to file a delayed § 2255. [104]. In fact, the attorney was present for a status conference on May 31, 2013 before the Court. It is also important to stress that on August 28, 2013, Movant sent a letter of clarification to the Court inquiring whether his Court appointed attorney was also representing him on his pending motion for bond in addition to his § 2255 motion. [99]. This illustrates that there was not a breakdown of attorney-client relations at that point given that Movant did not even mention a clarification regarding his § 2255 motion at the time. It was not until October 9, 2013 that Movant filed a motion to withdraw his appointed attorney. This is despite being active making *pro se* filings relating to his case since August 2013 to the Court without mention of his upcoming § 2255 deadline. Movant was obviously aware of the one-year deadline for the § 2255 given that he filed *pro se* a motion for leave to file a delayed motion to vacate, set aside or correct sentence on October 15, 2013, and yet did not attempt to address this deadline until a full 19 days after the deadline, despite apparently having little to no contact with his lawyer for several months. [105]. This does not amount to reasonable diligence given the lack of concrete evidence of any attempts to contact

his attorney and discuss the impending § 2255 motion, as well as a lack of reporting to the Court about his concerns, despite filing several *pro se* motions before the deadline of the § 2255 had come, as well as taking a full 19 days to address the fact that he had missed the deadline, despite obviously being aware of the impending deadline given the fact that he filed a leave for delay.

Even if it were found that Movant had exercised reasonable diligence, there is an absence of extraordinary circumstances that defeats his motion. To successfully find extraordinary circumstances, petitioner has to either show that his attorney effectively abandoned him, or that a petitioner's own health conditions prevent them from filing. *See McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir.2008); *Rogalski v. Booker*, No. 08-13756, 2010 WL 322987, at *7 (E.D. Mich. Jan. 13, 2010); *Maples v. Thomas*, 132 S.Ct. 912, 922–24, 181 L.Ed.2d 807 (2012); *Patterson v. Lafler*, 455 F. App'x 606, 610 (6th Cir. 2012).

Firstly, Movant's health condition does not qualify for extraordinary circumstances given that he was and has been continually filing motions before the Court. This illustrates that they are not of sufficient severity either physically or cognitively to affect Movant's ability to timely file his motion given that he has been able to continue to pursue filing of motions notwithstanding his illness. *See*

7

*Rogalski v. Booker*, 2010 WL 322987, at *8; *Bilbrey v. Douglas*, 124 Fed. Appx. 971, 973 (6th Cir.2005).

Secondly, Movant's allegations regarding their attorney do not meet the standard of either attorney incapacitation or abandonment that is required to constitute an extraordinary circumstance relating to attorney representation for a § 2255 motion to toll equitably. *Dallas v. United States*, No. CIV. 12-15495, 2013 WL 3448249, at *3 (E.D. Mich. July 9, 2013). In regards to attorney incapacitation, if the allegations from Movant are to be taken as true regarding the fact that the attorney underwent surgery on August 12, 2013, this was very late into the statute of limitations and thus does not count as an extraordinary circumstance under law. The Sixth Circuit in *Patterson v. Lafler* found that there were no extraordinary circumstances based on attorney incapacitation when the attorney was incapacitated for two or three months out of the year available to the petitioner to file a motion to reconsider his sentence. *Patterson v. Lafler*, 455 F. App'x 606, 610 (6th Cir. 2012).

In this case, the petitioner was only deprived of attorney from August 12 onward, only a little more than a month before the deadline for the § 2255. Therefore, the petitioner had the vast majority of the year for the attorney to file a § 2255 motion, but that was not done. This lack of action was not due to

8

abandonment since the attorney appeared in a conference as late as May 31, 2012 and there was only a motion for withdrawal of attorney filed on October 15, 2013. Therefore, at the most, this lack of action may have been due to attorney neglect or error, which does not constitute an extraordinary circumstance to license equitable tolling. *See Holland*, 560 U.S. at 651–53.

Movant does not meet the two-pronged requirements for equitable tolling, and thus the motion for leave to file a delayed motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

2. **Motion to Vacate, Set Aside, or Correct Sentence**

Given that May does not qualify for equitable tolling due to a lack of extraordinary circumstance and his motion for a delayed § 2255 motion is consequently denied, May's § 2255 motion that was filed on November 4, 2013, exceeds the one-year limitation and is also denied. [105].

3. **Motions for Bond and Judgment on Bond**

Motions for bond and judgment on bond are denied as there are no pending appeals. [107], [133], [134], [137], [144].

4. **Emergency Relief Motions**

The emergency relief motions are denied without prejudice. [109], [118], [126].

5. **Motions for Evidentiary hearing**

9

Given that the § 2255 motion has been denied as moot and the emergency relief motions have been denied, and the requests for evidentiary hearing all have bearing on the merits of the § 2255 claims rather than an argument for equitable tolling, there is no need for an evidentiary hearing to unveil evidence to support a denied motion. Therefore, the motions for evidentiary are denied. [118], [144].

### 6. Summary Judgment Motion

Given that all outstanding motions on the criminal case have been resolved, the summary judgment motion is denied. [131].

### 7. Request for appointment of counsel

The request for appointment of counsel was related to Movant's motions for an evidentiary hearing and his motions regarding release on bond. Given that all motions pending filed by Movant in his criminal case are denied by this order, the request for appointment of counsel is denied as moot. [144].

### 8. Motions for Leave to File Addendum

Finally, Defendant has filed a several Motions for Leave to Amend his § 2255 Motion [116], [119], [120], [135], [137]. The amendments pertain to motions that are now denied and have already been filed. The Court grants these motions retroactively.

**IT IS ORDERED** that Movant's Motion for leave to file delayed motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 [104] is **DENIED**; Movant's Motion to Vacate, Set Aside, or Correct Sentence [105] is **DENIED**; Movant's Motions for emergency relief [109], [118], [126] are **DENIED without prejudice**; Movant's Motions for bond and judgment on bond [107], [133], [134], [137], [144] are **DENIED**; Movant's Motions for evidentiary hearings [118], [144] are **DENIED**; Movant's Motion for summary judgment [131] is **DENIED**; Movant's request for appointment of counsel [144] is **DENIED AS MOOT.** Movant's Motions for leave to file addendums [116], [119], [120], [135], [137] are **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: September 25, 2015          Senior United States District Judge